UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 15-126 (JNE/SER)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | PLEA AGREEMENT |
| v. ) | AND SENTENCING |
| ) | STIPULATIONS |
| DENNIS AUGUSTUS KEITH MOBLEY, ) | |
| a/k/a "Diddy," ) | |
| ) | |
| Defendant, ) | |

The United States of America and Dennis Augustus Keith Mobley (hereinafter referred to as "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.  **Charges.** The Defendant agrees to plead guilty to Count 1 of the Indictment, which charges the Defendant with being a felon in possession of a firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

2.  **Factual Basis.** The Defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

On March 6, 2015, in the State and District of Minnesota, the Defendant knowingly possessed a Glock Model 27 .40 caliber semi-automatic pistol, serial number

SCANNED
JUL 24 2015
U.S. DISTRICT COURT MPLS

DAK973US. The firearm was found by officers of the Minneapolis Police Department in the vehicle the Defendant had been driving.

The firearm was manufactured in Austria, and necessarily traveled in and affected interstate commerce to have been in the Defendant's possession on March 6, 2015.

When the Defendant possessed the firearm on March 6, 2015, he had been convicted of at least the following crimes punishable by imprisonment for a term exceeding one year:

| Offense | Place of Conviction | Date of Conviction (On or About) |
| --- | --- | --- |
| Prohibited Person in Possession of a Firearm | Hennepin County, MN | September 26, 2011 |
| 1st Degree Damage to Property | Hennepin County, MN | September 28, 2011 |
| 3rd Degree Drug Possession | Hennepin County, MN | August 15, 2012 |

The Defendant admits and agrees that he knowingly possessed the Glock Model 27 .40 caliber semi-automatic pistol on March 6, 2015. He further stipulates and agrees that he acted voluntarily and that he knew his actions violated the law.

3. **Statutory Penalties.** The parties agree that Count 1 of the Indictment carries statutory penalties of:

    a.    a maximum term of 10 years imprisonment;

    b.    a supervised release term of not more than three years;

    c.    a fine of up to $250,000; and

    d.    a mandatory special assessment of $100.00.

4. **Revocation of Supervised Release.** The Defendant understands that if the Defendant were to violate any condition of supervised release, the Defendant could be

sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

5. **Guideline Calculations.** The parties acknowledge that the Defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

   a. **Base Offense Level.** The United States contends that, because the Defendant possessed the firearm subsequent to sustaining a conviction for aiding an offender after the fact in attempted murder, a crime of violence, his base offense level is **20**. U.S.S.G. § 2K2.1(a)(4)(A). The Defendant does not agree, and reserves the right to argue that his base offense level is **14**. U.S.S.G. § 2K2.1(a)(6).

   b. **Specific Offense Characteristics.** The parties agree that no specific offense characteristics apply.

   c. **Acceptance of Responsibility.** The United States agrees to recommend that the Defendant receive a **3**-level (if the Defendant's base offense level is **20**) or a **2**-level (if the Defendant's base offense level is **14**) reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, the Defendant understands and agrees that this recommendation is conditioned upon the following: (i) the Defendant testifies truthfully during the change of plea hearing, (ii) the Defendant cooperates with the Probation Office in the preparation of the Pre-sentence Report, and (iii) the Defendant commits no further acts inconsistent with acceptance of responsibility. U.S.S.G. § 3E1.1. The parties agree that other than as provided for herein no other Chapter 3 adjustments apply.

   d. **Criminal History Category.** Based on information available at the time, the parties agree that the Defendant's criminal history category is **VI**. This does not constitute a stipulation, but an assessment based on the information currently known. The parties acknowledge that the Defendant's actual criminal history and related status (which might impact

3

the Defendant's adjusted offense level) will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.

e. <u>Guideline Range.</u>  In the United States's view, the Defendant's adjusted offense level is **17**, in criminal history category **VI**; the Sentencing Guideline Range is therefore **51–63** months.  In the Defendant's view, the adjusted offense level is **12**, in criminal history category **VI**; the Sentencing Guideline Range is therefore **30–37** months.

f. <u>Fine.</u>  If the adjusted offense level is **17**, the applicable fine range is **$5,000–$50,000**.  If the adjusted offense level is **12**, the applicable fine range is **$3,000–$30,000**.

g. <u>Supervised Release.</u>  The Sentencing Guidelines call for a term of supervised release of between one and three years for Count 1.  U.S.S.G. § 5D1.2(a)(2).

h. <u>Sentencing Recommendation and Departures.</u>  The parties reserve the right to make departure motions and to oppose any such motions made by the opposing party.  The parties also reserve the right to argue for a sentence outside the advisory Guideline range.

6. **Discretion of the Court**.  The foregoing stipulations are binding on the parties, but do not bind the Court.  The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion.  The Court may make its own determination regarding the applicable guideline factors and the applicable criminal history category.  The Court may also depart from the applicable Guidelines.  If the Court determines that the applicable guideline calculations or Defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and Defendant will be sentenced pursuant to the Court's determinations.

7. **Special Assessments**.  The Sentencing Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the

4

Defendant is convicted. (U.S.S.G. § 5E1.3). The Defendant agrees to pay the special assessment prior to sentencing.

8. **Forfeiture**. The Defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearm with accessories and any ammunition involved in the Defendant's violation of Title 18, United States Code, Section 922, including specifically but not limited to the Glock Model 27 .40 caliber semi-automatic pistol, serial number DAK973US, charged in Count 1.

The Defendant further agrees that, pursuant to Fed. R. Crim. P. 32.2(b)(2) and (3), the Court may enter a Preliminary Order of Forfeiture for the above-described forfeitable property immediately upon the entry of the Defendant's guilty plea, which order will be final as to the Defendant immediately upon filing of the Preliminary Order of Forfeiture. The order of forfeiture shall be made a part of the Defendant's sentence and included in the Judgment.

The Defendant also agrees that the United States may forfeit any and all other property subject to forfeiture as a result of the Defendant's plea by any means provided by law.

9. **Complete Agreement.** This is the entire agreement and understanding between the United States and Defendant. There are no other agreements, promises, representations, or understandings between the parties.

Dated: **7/24/2015**

ANDREW M. LUGER
United States Attorney

BY: THOMAS CALHOUN-LOPEZ
Assistant United States Attorney

Dated: 7-24-15

DENNIS AUGUSTUS KEITH
MOBLEY
Defendant

Dated: 7/24/15

DANIEL C. GUERRERO, ESQ.
Counsel for Defendant